IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EDGAR-RAUL RAMIREZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-2618-X-BN |
| | § | |
| CHRISTOPHER S. FERGUSON, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Edgar-Raul Ramirez filed a *pro se* complaint against Defendant Christopher S. Ferguson. *See* Dkt. No. 3.

Based on the complaint's allegations, including multiple references to a civil proceeding in Texas's Tenth Court of Appeals: *In re U.S. Bank, N.A.*, No. 10-23-00201-CV, and the applicable state court record, as a matter of public record of which the Court may take judicial notice, Ramirez filed this lawsuit against an attorney who represented the bank in foreclosure proceedings against his family's "homestead." Dkt. No. 3 at 1 ("Defendant(s) have tried numerous times to unobtrusively steal Ramirez homestead since 01/05/2021 with a foreclosure sale on the front steps of Navarro County CourtHouse."); *see Stiel v. Heritage Numismatic Auctions, Inc.*, 816 F. App'x 888, 892 (5th Cir. 2020) (per curiam) (under Federal Rule of Evidence 201, a district court may "take judicial notice of the state court's orders, final judgment, and docket as matters of public record" (citations omitted)); *Basic Capital Mgmt., Inc. v. Dynex Capital, Inc.*, 976 F.3d 585, 589 (5th Cir. 2020) (Federal Rule of Evidence

201(d) "expressly provides that a court 'may take judicial notice at *any* stage of the proceeding,' and our precedents confirm judicially noticed facts may be considered in ruling on a 12(b)(6) motion." (citations omitted)).

United States District Judge Brantley Starr referred the complaint to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

While Ramirez paid the applicable filing fee to bring this action, because his claims are barred by Texas's attorney immunity doctrine, the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the complaint with prejudice.

### *Sua Sponte* Consideration

Ramirez's paying the statutory filing fee prevents judicial screening under 28 U.S.C. § 1915.

But the Court may still "consider the sufficiency of the complaint on its own initiative." *Guthrie v. Tifco Indus.*, 941 F.2d 374, 379 (5th Cir. 1991) (citation omitted); *see also Bell v. Valdez*, 207 F.3d 657 (table), 2000 WL 122411, at *1 n.1 (5th Cir. Jan. 4, 2000) (per curiam) ("[I]t is well-established that the district court may dismiss a complaint on [Federal Rule of Civil Procedure] 12(b)(6) grounds *sua sponte*." (citations omitted)).

And "[t]he broad rule is that 'a district court may dismiss a claim on its own motion as long as the procedure employed is fair.' More specifically, 'fairness in this context requires both notice of the court's intention and an opportunity to respond'

before dismissing *sua sponte* with prejudice." *Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) (citations omitted).

These findings, conclusions, and recommendations provide notice, and the period for filing objections to them affords Ramirez an opportunity to respond. *See, e.g., Starrett v. U.S. Dep't of Defense*, No. 3:18-cv-2851-M-BH, 2018 WL 6069969, at *2 (N.D. Tex. Oct. 30, 2018) (citations omitted), *rec. accepted*, 2018 WL 6068991 (N.D. Tex. Nov. 20, 2018), *aff'd*, 763 F. App'x 383 (5th Cir.) (per curiam), *cert. denied*, 140 S. Ct. 142 (2019).

## Discussion

Ramirez's allegations against Ferguson are all in the context of his representing U.S. Bank in foreclosure proceedings. These claims therefore implicate Texas's attorney immunity doctrine, "a 'comprehensive affirmative defense protecting attorneys from liability to non-clients.'" *Elliott v. Tucker*, No. 4:22-cv-135-O-BP, 2022 WL 17722672, at *5 (N.D. Tex. Nov. 29, 2022) (quoting *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015); *Troice v. Greenberg Traurig, L.L.P.*, 921 F.3d 501, 505 (5th Cir. 2019)), *rec. accepted*, 2022 WL 17718519 (N.D. Tex. Dec. 15, 2022), *appeal dismissed*, 2023 WL 4491758 (5th Cir. Mar. 1, 2023).

"Attorney immunity is true immunity from suit." *Id.* (citing *Troice v. Proskauer Rose, L.L.P.*, 816 F.3d 341, 348 (5th Cir. 2016)).

And, because "[i]t is intended to ensure 'loyal, faithful, and aggressive representation by attorneys employed as advocates,'" the defense "applies to all 'actions taken in connection with representing a client in litigation,' even wrongful

conduct that is 'part of the discharge of the lawyer's duties in representing his or her client,' as long as it is not 'entirely foreign to the duties of an attorney.'" *Id.* (quoting *Mitchell v. Chapman*, 10 S.W.3d 810, 812 (Tex. App. – Dallas 2000, pet. denied), then *Ironshore Europe DAC v. Schiff Hardin, L.L.P.*, 912 F.3d 759, 767 (5th Cir. 2019)).

"Texas courts occasionally grant attorney immunity 'at the motion to dismiss stage [where] the scope of the attorney's representation – and thus entitlement to the immunity – [i]s apparent on the face of the complaint.'" *Id.* (quoting *Ironshore Europe*, 912 F.2d at763).

Similarly, federal district courts in this circuit have *sua sponte* applied the doctrine to dismiss claims on judicial screening. *See Balistreri-Amrhein v. Verrilli*, No. 4:16-CV-00112-ALM-CAN, 2016 WL 11191119, at *9 (E.D. Tex. Oct. 7, 2016) ("Because Plaintiffs allege acts committed solely during these attorneys' representation of their respective clients, Texas's doctrine of attorney immunity absolutely bars Plaintiffs' claims. Accordingly, the Court finds that each of Plaintiffs' claims against the Defendant Attorneys and Law Firms should be dismissed pursuant to Section 1915(e)(2)(B)(ii)." (citing *Troice*, 816 F.3d at 345-49)), *rec. adopted*, 2017 WL 726919 (E.D. Tex. Feb. 24, 2017); *see also Payne v. Anthony Scott Law Firm PLLC*, No. 3:22-CV-2926-M-BK, 2023 WL 3587775, at *1-*2 (N.D. Tex. May 5, 2023) (applying the attorney immunity doctrine where the claims included alleged "violations of [the plaintiff's] First Amendment right to freedom of speech under 42 U.S.C. § 1983" and "an unlawful conspiracy to violate the same" under 18 U.S.C. §§ 241 & 242), *rec. accepted*, 2023 WL 3590686 (N.D. Tex. May 22, 2023).

The factual content in the complaint reflects that the claims against the only defendant (Ferguson) are based on Ferguson's representation of a client in foreclosure proceedings. As such, those claims are barred by Texas's attorney immunity doctrine and should be dismissed with prejudice on this basis alone. *See, e.g.*, *Hairston v. Deutsche Bank Nat'l Tr. Co.*, No. 3:18-cv-1888-B-BN, 2019 WL 462782, at *4 (N.D. Tex. Jan. 17, 2019) ("Because Hairston only plausibly alleges facts showing that [the law firm] harmed her through its representation of Deutsche Bank in its forcible detainer proceeding against Hairston and others, [the firm's] 'actions in this case meet the requirements for the application of qualified immunity.' [The firm's] construed Rule 12(c) motion for judgment on the pleadings should therefore be granted, and Hairston's claims against [the firm] should be dismissed with prejudice." (citations omitted), *rec. accepted*, 2019 WL 460324 (N.D. Tex. Feb. 6, 2019).

## Recommendation

The Court should dismiss the complaint with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by

reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 1, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE